**This order is SIGNED.**

**Dated: February 11, 2026**



**PEGGY HUNT**
**U.S. Bankruptcy Judge**

---

T. EDWARD CUNDICK (# 10451) tcundick@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Jill's Office, LLC, Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Northern Division

| | |
|---|---|
| In re<br><br>Jill's Office, LLC,<br><br>Debtor. | Bankruptcy Case No. 25-21625<br><br>(Chapter 11)<br><br>Honorable Peggy Hunt<br><br>[Filed Electronically] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR'S THIRD AMENDED PLAN UNDER SUBCHAPTER V OF CHAPTER 11 DATED FEBRUARY 3, 2026**

This matter came before the Court on February 5, 2026 at 2:00 p.m. (the **"Confirmation Hearing"**) to consider confirmation of the "Debtor's Third Amended Plan Under Subchapter V of Chapter 11 Dated February 3, 2026" (docket no. 135, the **"Plan,"** as it may be modified pursuant to the Confirmation Order) filed by Jill's Office, LLC, debtor and debtor-in-possession (the **"Debtor"**) in the above-referenced bankruptcy

1

case (the **"Case"**) under Subchapter V of Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**). Ted Cundick appeared on behalf of the Debtor. Other counsel and parties-in-interest noted their appearance on the record.

Based upon the evidence received at the Confirmation Hearing, the Plan, the "Ballot Register and Report of Balloting" (the **"Ballot Register,"** docket no. 133), the "Declaration of Brant Thurgood in Support of Confirmation of [the Plan]" (the **"Thurgood Declaration,"** docket no. 134), other proffered testimony, the absence of any objections to confirmation of the Plan, the statements and arguments of counsel and other matters of record, and good cause appearing, the Court hereby enters the following Findings of Fact and Conclusions of Law[1]:

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, and should be confirmed.

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case, including, without limitations, all pleadings, papers, and other

---

[1] To the extent any Findings of Fact is determined to be a Conclusion of Law, or vice versa, such Findings and Conclusions shall be construed and incorporated as such.

2

documents filed all orders entered, and the transcripts of, and minute entries pertaining to, all hearings heard in this Case.

3. <u>Notice</u>. The Court finds that timely notice of the Plan was sent to all creditors in the case, and notice of the confirmation hearing has been adequate to allow the Court to proceed with the Confirmation Hearing without offending the due process of rights of parties-in-interest in this case. The Plan, notice of the Plan and Confirmation Hearing, and relevant ballots were transmitted and served in compliance with the Bankruptcy Code, the rules, and the orders of this Court, upon creditors and holders of equity interests entitled to vote on the Plan, and such transmittal and service were, and are, adequate and sufficient. No other or further notice of the Plan or the Confirmation Hearing is or shall be required.

4. <u>Amendment</u>. The Debtor filed its Third Amended Plan on February 3, 2026. The Debtor solicited votes on the Second Amended Plan dated December 16, 2025. The Court has reviewed the changes between the Second Amended Plan and the Third Amended Plan, and finds that such changes were either implemented only to correct typographical errors, or would have a de minimis effect on creditors voting on the Plan and parties-in-interest. Such modifications are appropriate under § 1127(a) and Fed. R. Bankr. P. 3019(a).

5. <u>Solicitation</u>. Pursuant to § 1181(b), § 1125 and its disclosure statement requirements do not apply in this case. The Debtor's solicitation and tabulation of ballots

complied with the necessary requirements in order for this Court to conclude that the solicitation process has proceeded in "good faith" within the meaning of § 1125, and the Debtor and its agents are entitled to the protections of § 1125(e), which is made applicable hereby.

6. <u>Creditors' Acceptance of the Plan</u>. The Plan establishes twelve classes of claims and one of interest holders. All impaired Classes of Claims and Interests have accepted the Plan. All votes received in Classes U2, U5, and R1 voted in favor of the Plan. No votes were cast in the S1, S2, S3, P1, R1, U1, U3, U4, U6, T1, or M1 Classes, and therefore those classes are deemed to have accepted the Plan. There were no dissenting votes from any creditor on the issue of Plan confirmation. In summary, all Classes have either accepted the Plan by affirmative vote, or are deemed to have accepted the Plan, consistent with the Tenth Circuit precedent of *In re Ruti-Sweetwater*, 836 F2d 1263 (10th Cir. 1998).

7. <u>Subchapter V of Chapter 11 of the Bankruptcy Code Applies.</u> Pursuant to § 103(i), the Debtor (a) is a "debtor" as defined in § 1182, and (b) elected that Subchapter V of the Chapter shall apply to this case.

    a. The Debtor is engaged in commercial activities, and has aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date in an amount not more than $3,024,725, not less than 50% of which arise from the commercial activities of the Debtor.

  b. The Debtor is not a person whose primary activity is the business of owning single asset real estate.

  c. The Debtor is not part of an affiliated group of companies or debtors.

  d. The Debtor is not subject to the reporting requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, nor an affiliate of an issuer as defined therein.

 8. <u>The Plan Complies with § 1129(a)(1).</u>  The Plan complies with the applicable provisions of Title 11 of the Bankruptcy Code, including, without limitation, as follows:

  a. <u>Proper Classification.</u>  As required by § 1123(a)(1), Article 4 of the Plan properly designates classes of Claims, and classifies only substantially similar claims in the same classes pursuant to § 1122.

  b. <u>Specify Unimpaired Classes.</u>  There are no unimpaired classes of claims under the Plan. All classes of claims are impaired..

  c. <u>Specify Treatment of Impaired Classes.</u>  Classes S1, S2, S3, P1, R1, U1, U2, U3, U4, U5, U6, P1, T1, and M1 are designated as impaired under the Plan. Article 5 of the Plan specifies the treatment of the impaired classes of claims, thereby satisfying § 1123(a)(3).

  d. <u>No Discrimination.</u>  The Plan provides for similar treatment for each claim or interest in each respective class, unless the holder(s) of a particular

Claim(s) has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

e. <u>Implementation of the Plan.</u> The Plan provides adequate and proper means for implementation, thereby satisfying § 1123(a)(5). Among other things, Articles 7 and 11 provide for (a) the vesting of estate property in the Reorganized Debtor; (b) ownership and management structure of the Reorganized Debtor; (c) the Reorganized Debtor's use and retention of property; and (d) distributions to creditors.

f. <u>Revision to Corporate Charter.</u> The Plan, in Article 7.2, provides that only a single class of shares with full voting authority shall exist post-confirmation, and that the charter of the Reorganized Debtor shall be amended as necessary to reflect this Plan provision, as required by § 1123(a)(6).

g. <u>Ongoing Management.</u> The Plan sets forth in Article 7.3 the post-confirmation management structure of the Reorganized Debtor. It calls for a board of managers comprised of Brant and Autumn Thurgood, The Thurgood Family Trust, Julie Johnson, and Tyler Thurgood, with management roles for Autumn Thurgood (CEO), Alan Thurgood (CFO), Brant Thurgood (COO), Julie Johnson (Director of Major Initiatives), and Barbara Thurgood (HR Director). Nothing contained in the Plan is

6

inconsistent with the interests of creditors and interest-holders, or with public policy, with respect to the manner of selection of future officers, directors, or trustees, as required by § 1123(a)(7).

h. <u>Additional Plan Provisions.</u>  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) assumption and rejection of executory contracts and unexpired leases, and (b) the retention, enforcement, and/or abandonment of claims upon confirmation (Article 16). Thus, § 1123(b) is satisfied.

i. <u>Bankruptcy Rule 3016(a).</u>  The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

j. <u>Filing of the Plan [§ 1189].</u>  The Debtor filed the original draft of its Plan on June 25, 2025 (which was the 90th day after the petition date) and amended the Plan on December 13, 2025, December 16, 2025, and February 3, 2026. Thus, § 1189 is satisfied.

k. <u>Contents of the Plan [§ 1190].</u>  As required by § 1190(1), the Plan includes (a) a brief history of the business operations of the Debtor; (b) a liquidation analysis; and (c) projections with respect to the ability of the Debtor to make payments under the proposed plan of reorganization. As required by

§ 1190(2), the Plan provides for the use of future earnings of the Reorganized Debtor to satisfy Plan obligations.

9. <u>The Plan and the Proponent Comply with the Bankruptcy Code [§ 1129(a)(1) and (2)].</u> The Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Among other things:

   a. the Debtor is the proper plan proponent;

   b. the Plan complies; and the Debtor has complied, generally with the applicable provisions of the Bankruptcy Code; and

   c. the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and orders of the Court in transmitting the Plan, ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

10. <u>Good Faith [§ 1129(a)(3)].</u> The Debtor filed the case in good faith and for legitimate purposes of dealing with debt arising from inopportune operational decisions, litigation risks and expenses, and other operational difficulties. The Plan is proposed in good faith, and not by any means forbidden by law, and therefore complies with §1129(a)(3). Among other things:

    a. the Debtor filed this Chapter 11 Case, and has proposed the Plan for a valid bankruptcy purpose, namely the restructuring of its debts and reorganization of its business as a going concern;

    b. neither this case, nor the Plan itself, was filed as a litigation tactic or for delay;

    c. the Debtor has been, and is, actively prosecuting this case;

    d. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing a meaningful return to its creditors;

    e. the Plan is the fruit of arms-length negotiations with creditors, and includes input from the Office of the U.S. Trustee; and

    f. the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims, to be paid directly by the Debtor, from the projected disposable income arising from the Debtor's business operations and other potential assets.

11. <u>Payments for Services, Costs, and Expenses [§ 1129(a)(4)]</u>. Pursuant to Article 3 of the Plan, appropriate provision is made for payment of all professional expenses pursuant to a fee application process requiring court approval.

12. <u>Post-Confirmation Management and Employment [§ 1129(a)(5)]</u>. The Plan identifies the individuals who will serve as post-confirmation management. Adequate disclosure of insider employment has been made.

13. <u>No Regulatory Restrictions [§ 1129(a)(6)]</u>. The Debtor is not subject to any governmental regulatory rate-setting restrictions.

14. <u>Best Interest of Creditors Test [§ 1129(a)(7); Liquidation Analysis]</u>. Pursuant to the analysis contained in the Ballot Register, the Plan was accepted by all voting Classes. Further and in any event, the Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to Chapter 7, and the Estate were liquidated by a Chapter 7 Trustee.

15. <u>Administrative Expenses and Priority Tax Claims [§ 1129(a)(9)]</u>. The Plan provides, in Article 3, Article 4.12, and Article 7.9, for the treatment of administrative and priority claimants in accordance with the requirements of §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

16. <u>Acceptance by at Least One Impaired Class [§ 1129(a)(10)]</u>. All classes have accepted the Plan.

17. <u>Feasibility [§ 1129(a)(11)]</u>. The Plan is feasible and is unlikely to lead to the need for further financial reorganization of the Debtor or any successor to the debtor under the Plan.

18. <u>Payment of Fees [§ 1129(a)(12)]</u>. All fees payable under 28 U.S.C. § 1930 have been paid, are not required to be paid, and/or the Plan provides for the payment of all such fees on the Effective Date.

19. <u>Continuation of Retiree Benefits [§ 1129(a)(13)]</u>. The Debtor has obligations under an employee retirement plan, but not one that meets the definition of "retiree benefit" plan under § 1114. The Plan provides in Article 7.10 for the continuation of all applicable retirement benefits. Section 1129(a)(13) is not applicable to the Plan.

20. <u>No Domestic Support Obligations [§ 1129(a)(14)]</u>. The Debtor has no liability for any Domestic Support Obligations, so this section is inapplicable.

21. <u>§ 1129(a)(15) Is Not Applicable</u>. This section is inapplicable in a Subchapter V case, per § 1181(a).

22. <u>Transfers Will Comply with Nonbankruptcy Law [§ 1129(a)(16)]</u>. The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable non-bankruptcy law that governs the transfer of property by a corporation.

23. <u>Confirmation of the Plan Pursuant to § 1191(a).</u> For the reasons stated above and in the Ballot Register, the Plan should be confirmed as a consensual plan under § 1191(a).

24. <u>Rejection of Contracts.</u> Pursuant to the terms of the Plan, all executory contracts not expressly assumed are rejected under the Plan.

25. In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements and the Plan will be confirmed by entry of the separate confirmation order.

END OF DOCUMENT

Approved as to form:

/s/ Matthew J. Burne          , Matthew J. Burne, on behalf of the Acting United States Trustee

/s/ Jonathan Dickey           , Jonathan Dickey, Subchapter V Trustee

DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF "DEBTOR'S THIRD AMENDED PLAN UNDER SUBCHAPTER V OF CHAPTER 11 DATED FEBRUARY 3, 2026" shall be served on the parties in the manner designated below:

By electronic Service: I certify that the parties of record in this case, as identified below, are registered CM/ECF users:

- **Matthew James Burne**    matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Joseph M.R. Covey**    jcovey@parrbrown.com, calendar@parrbrown.com;lstumpf@parrbrown.com
- **T. Edward Cundick**    tcundick@wnlaw.com, tcundick-secy@wnlaw.com;orders@wnlaw.com
- **Jonathan M Dickey tr**    jondickeytrustee@gmail.com
- **John S. Gygi**    john.gygi@sba.gov
- **Mark C. Rose**    mrose@rqn.com, docket@rqn.com;asanchez@rqn.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Aaron M. Waite**    aaronmwaite@agutah.gov

By U.S. Mail: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

    None

                                        /s/ T. Edward Cundick